■ RAYMOND SEAKAN, Respondent, v. JOSEPH T. HAJEC, Individually, and as President of MECHANICAL MAN CAR WASH MANUFACTURING CO., INC., et al., Appellants.— Orders unanimously affirmed, without costs. Memorandum:

The record in this appeal inexorably impels one to the conclusion that unless the rights of the parties are quickly determined financial disaster for both parties will be the end result of this litigation. This corporation does not have the financial sinew to survive a protracted legal encounter. Both the respondent Seakan and appellant Hajec are at such odds that the resolution of their differences can be had only by court decision; surely not by the parties. In this posture Special Term properly determined that a receiver should be appointed as conservator of the assets. Prudently, the court vested authority in the receiver to continue the employment of both principals in the daily operation of the business of the corporation. Upon argument counsel for all parties indicated a desire to proceed to trial of the issues at the earliest possible date. To this end we direct that a preference be given this case so that a full trial may be had as early as possible. Any party who obstructs the prompt holding of a plenary trial may well demonstrate his insecurity and serious doubts about the merits of his position. The receiver's tenure in office can be short, indeed, if in good faith both parties desire an early determination of the merits. Special Term correctly denied the giving of security demanded by defendant. The need for security, too, will be quite academic if the parties proceed with all speed to the trial of the issues and a final result after all of the facts have been fully presented. (Appeal from orders of Oneida Special Term appointing a receiver and denying motion for deposit of security for expenses.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.